BLD 023                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 21-1840 & 21-2299
_____

UNITED STATES OF AMERICA

v.

PARIS CHURCH, a/k/a PAY MAY, a/k/a PAY,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-14-cr-00323-003)
District Judge:  Honorable Gerald A. McHugh

_____

Submitted on Motion for Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6 and
for Possible Dismissal Due to a Jurisdictional Defect or
Summary Action
November 4, 2021
Before:  MCKEE, GREENAWAY, JR., and PORTER, Circuit Judges

(Opinion filed December 1, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Federal prisoner Paris Church appeals from two orders of the District Court denying his motions for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). We consolidated his two appeals, as they request the same relief on substantially the same grounds. The Government has filed a motion for summary affirmance.[1] For the following reasons, we will affirm.

In 2016 and 2017, Church faced three separate trials in the Eastern District of Pennsylvania stemming from his participation in and leadership of a large drug-dealing operation. Across the three trials, he was convicted on sixteen counts related to the trafficking of heroin and cocaine. After consolidating the three cases for sentencing and determining that Church is a career offender, the Court imposed a 30-year sentence. Accounting for time he served before and during trial and his good-time credits, Church has now completed about eight years of that sentence.

Church filed a motion for a reduction of sentence and compassionate release on July 22, 2020, citing concerns about the spread of COVID-19. See ECF No. 1185; see generally 18 U.S.C. § 3582(c)(1)(A)(i) (providing that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction"). The District Court denied the motion on January 28, 2021, determining that regardless of any medical risks,

---

[1] Such a motion "should be filed before appellant's brief is due." See 3d Cir. L.A.R. 27.4(b). Here, Church moved for and was granted an extension to file his opening brief by September 30, 2021; he filed it on September 7. The Government filed its motion on September 18, timely under the rules, regardless of when Church in fact filed his brief. Church's request to strike the Government's motion is denied.

the 18 U.S.C. § 3553(a) factors weighed against Church's release. See ECF Nos. 1228, 1229. In the interim, he was transferred to a different federal correctional facility and contracted COVID-19. He then filed another motion under Section 3582 on March 11, 2021. See ECF No. 1249. The District Court construed that motion as seeking reconsideration of its prior order and denied it on April 9, 2021. See ECF No. 1270.

Church then filed a notice of appeal as to the April 9 order, opening case number 21-1840. We dismissed that appeal for failure to file a brief. Church then filed a motion to reopen that appeal, which we granted. Concurrently, he filed in the District Court a motion to reopen the time to appeal the January 28 denial of his first Section 3582 motion, see ECF No. 1333; Fed. R. App. P. 4(a)(6), and a notice of appeal as to that order, see ECF No. 1332, opening case number 21-2299. The District Court granted the motion to reopen the time to appeal.[2] We consolidated the two appeals, and now review the District Court's orders of January 28 and April 9, 2021.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion the District Court's determination that the sentencing factors under Section 3553(a) do not weigh in favor of granting compassionate release. United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). "[W]e will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of

---

[2] In light of the District Court's order granting Church's motion under Fed. R. App. P. 4(a)(6), we decline to dismiss C.A. No. 21-2299 for lack of jurisdiction.

judgment in the conclusion it reached upon a weighing of the relevant factors." Id. (quotation marks and citation omitted).

The Government argues that the District Court did not abuse its discretion in determining that compassionate release was inconsistent with the Section 3553(a) factors. We agree.

A district court may reduce a defendant's term of imprisonment "after considering the factors set forth in § 3553(a) . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Those sentencing factors require the courts to consider, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public from future crimes by the defendant, and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a). Compassionate release is discretionary, not mandatory; therefore, even if a defendant is eligible for it, a district court may deny compassionate release upon determining that a sentence reduction would be inconsistent with the § 3553(a) factors. See Pawlowski, 967 F.3d at 330; United States v. Jones, 980 F.3d 1098, 1102 (6th Cir. 2020) (finding no abuse of discretion where "the district court found for the sake of

argument that an extraordinary and compelling circumstance existed . . . but that the § 3553(a) factors counseled against granting compassionate release").

The District Court considered "multiple factors placing [Church] at greater risk of severe illness or death from COVID," but noted that he has thus far refused to be vaccinated. ECF No. 1270 at 1. We agree that Church's "unexplained refusal to accept a COVID-19 vaccination when offered negates [his] otherwise compelling medical reasons for release." Id. at 2 (alteration in original) (citations omitted); see also United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("The federal judiciary need not accept a prisoner's self-diagnosed skepticism about the COVID-19 vaccines as an adequate explanation for remaining unvaccinated, when the responsible agencies all deem vaccination safe and effective.").

Moreover, we cannot say that the District Court committed a clear error of judgment in denying Church's motions after an assessment of the Section 3553(a) factors. The District Court recounted the reasons why Church's criminal conduct resulted in his lengthy sentence and found his efforts at rehabilitation outweighed by the nature of his offenses and the length of time over which they occurred, among other considerations. See 18 U.S.C. § 3553(a)(1) & (2)(A)–(C). The District Court also appropriately considered that Church still has a significant portion of his sentence to serve. See Pawlowski, 967 F.3d at 331 ("Because a defendant's sentence reflects the sentencing judge's view of the § 3553(a) factors at the time of sentencing, the time

5

remaining in that sentence may . . . inform whether [compassionate] release would be consistent with those factors.").

Based on the foregoing, Church's challenges to the District Court's orders do not present substantial questions. We therefore will summarily affirm the District Court's orders. <u>See</u> 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.